JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

BENJAMIN GOOD,
New York State Bar # 5415914
Asst. Federal Public Defender
Attorney for Defendant
benjamin_good@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Timothy Jason Wells,<br><br>　　　　Defendant. | No. CR-17-1114-PHX-DLR<br><br>**DEFENDANT'S MOTION TO STRIKE GOVERNMENT'S SENTENCING MEMORANDUM** |

　　　　Timothy Jason Wells, through the undersigned counsel, respectfully moves to strike those portions of the government's response to his objections to the Presentence Report (PSR) that invite the Court to sentence him based on his constitutional rights to free speech and free association (Doc. 83 at 8–9 & Doc. 83-1 at 21). The political views Mr. Wells expressed on Facebook are described in the PSR and in the government's response to his objections to the PSR. *See* PSR ¶ 6; Doc. 83 at 2–3, 8–9. The government's filing also gratuitously includes a photograph of political bumper stickers from Mr. Wells' house. Doc. 83-1 at 21 (Gov't Ex. H). In its memorandum, the government actually goes so far as to urge the Court to sentence Mr. Wells based on "the hate that he holds toward some groups." *Id.* at 9. The Court should reject this invitation and strike those portions

of the government's filing and the PSR that describe these beliefs, because considering them at sentencing would violate Mr. Wells' First Amendment rights. *See, e.g.*, *Dawson v. Delaware*, 503 U.S. 159, 166–67 (1992) (finding error in admission at penalty phase of capital trial of evidence concerning defendant's abstract beliefs, including membership in Aryan Brotherhood). Mr. Wells' political views are not relevant to any issues at sentencing: he posted about guns on Facebook during a period when he legitimately believed that he still had his gun rights; his views about "some groups" are not relevant "history and characteristics"; and, of course, the First Amendment trumps Congress' statutory mandate that the Court consider relevant circumstances. *Cf.* Doc. 83 at 9 (arguing incorrectly that the § 3553(a) factors have no limitation in scope).

Respectfully submitted: November 15, 2018.

JON M. SANDS
Federal Public Defender

 *s/Benjamin Good*
BENJAMIN GOOD
Asst. Federal Public Defender

2

| | |
|---|---|
| 1 | Copy of the foregoing transmitted |
| 2 | by ECF for filing November 15, 2018, to: |
| 3 | CLERK'S OFFICE |
| 4 | United States District Court |
|   | Sandra Day O'Connor Courthouse |
| 5 | 401 W. Washington |
| 6 | Phoenix, Arizona 85003 |
| 7 | LISA JENNIS |
| 8 | Assistant U.S. Attorney |
|   | United States Attorney's Office |
| 9 | Two Renaissance Square |
| 10 | 40 N. Central Avenue, Suite 1200 |
| 11 | Phoenix, Arizona 85004-4408 |
| 12 | Copy mailed to: |
| 13 | |
| 14 | JEFFREY P. BALDYS |
|   | U.S. Probation Officer |
| 15 | |
| 16 | TIMOTHY JASON WELLS |
|   | Defendant |