JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

BENJAMIN GOOD,
New York State Bar # 5415914
Asst. Federal Public Defender
Attorney for Defendant
benjamin_good@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | No. CR-17-1114-PHX-DLR |
|---|---|
| Plaintiff, | **DEFENDANT'S REPLY IN SUPPORT OF OBJECTIONS TO PRESENTENCE REPORT** |
| vs. | |
| Timothy Jason Wells, | |
| Defendant. | |

Timothy Jason Wells, through the undersigned counsel, respectfully files this Reply Memorandum in support of his objections to the Presentence Report (PSR). *See* Doc. 78.

The government argues that the enhanced based offense level under U.S.S.G. § 2K2.1(a)(4)(B)(i)(I) applies because Mr. Wells constructively possessed the firearms in his step-father's safe. *See* Doc. 83 at 4–5. The government claims Mr. Wells exercised "dominion and control" over the firearms because (a) he had access to the safe where they were kept and (b) he admitted to touching some of them. *Id.*

These arguments are unavailing. The purpose of punishing constructive possession under 18 U.S.C. § 922(g) is to preclude felons from controlling guns by using others to handle them at their direction. *See Henderson v. United States*, 135

1

S. Ct. 1780, 1784 (2015) ("A felon cannot evade the strictures of § 922(g) by arranging a sham transfer that leaves him in effective control of his guns."). There was no such arrangement in this case. Mr. Wells indeed had the combination to his step-father's gun safe, but constructive possession requires more than mere joint access to premises where guns are kept. *See United States v. Rodriguez*, 761 F.2d 1339, 1341 (9th Cir. 1985) (collecting cases). When premises are shared by more than one person, the defendant must have not only access to the firearm in question, but also "the power and the intention to exercise dominion and control over it." *United States v. Terry*, 911 F.2d 272, 278 (9th Cir. 1990). Mr. Wells admitted that his fingerprints would be on some or all of the weapons in the safe, and it is not disputed that many of the guns in the safe did not accept large-capacity magazines. For purposes of more than doubling Mr. Wells' sentence, *see* Doc. 78 at 2–4 (explaining why due process requires clear-and-convincing evidence), it is not enough to speculate that he exercised dominion and control over those guns that accept large-capacity magazines without some evidence that links him directly to such guns. Mr. Wells readily told the agents about his fingerprints; no one appears to have followed up on this claim. The government has therefore not satisfied its burden of proving that the enhanced base offense level applies.

Respectfully submitted:  November 15, 2018.

JON M. SANDS
Federal Public Defender

 *s/Benjamin Good*
BENJAMIN GOOD
Asst. Federal Public Defender

2

Copy of the foregoing transmitted by ECF for filing November 15, 2018, to:

CLERK'S OFFICE
United States District Court
Sandra Day O'Connor Courthouse
401 W. Washington
Phoenix, Arizona 85003

LISA JENNIS
Assistant U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

Copy mailed to:

JEFFREY P. BALDYS
U.S. Probation Officer

TIMOTHY JASON WELLS
Defendant